Filed 9/23/16  P. v. Torres CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B264439 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA028427) |
| v. | |
| JUAN MANUEL TORRES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Olivia Rosales, Judge.  Affirmed.

Caneel C. Fraser, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Juan Manuel Torres appeals from the order denying his request for resentencing under Proposition 47.  (Pen. Code, § 1170.18.)[1]  His appointed counsel filed an opening brief that raised no issues and requested independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  On March 30, 2016, we sent defendant a letter informing him of the nature of the brief that had been filed and advising him that he had 30 days to file a supplemental brief setting forth issues he wished this court to consider.  We received no response.

In an information filed in September 1994, defendant was charged with one count of first-degree residential burglary in violation of section 459.  The information further alleged defendant suffered prior convictions of serious or violent felonies within the meaning of section 667, subdivisions (b) through (i).  On March 10, 1995, a jury found defendant guilty as charged on count one.  Defendant waived his right to jury trial on his prior convictions; subsequently, the court found the three prior convictions to be true.  Defendant was sentenced to 35 years to life in prison.

In April 2015, defendant petitioned for resentencing of his felony conviction to a misdemeanor.  The trial court found defendant ineligible and denied his petition.

Under section 1170.18, a person "currently serving" a felony sentence for an offense that is now a misdemeanor under Proposition 47 may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47.  (§ 1170.18, subd. (a).)  First-degree residential burglary was not one of the crimes reduced to a misdemeanor under Proposition 47.  (See §§ 459, 459.5 [shoplifting requires "entering a commercial establishment"], 460, subd. (a) [defining first degree burglary], 1170.18, subd. (a).)  Thus, the trial court properly determined that defendant was ineligible for resentencing.

In addition, we have independently reviewed the entire record.  We are satisfied that no arguable issues exist and defendant has received effective appellate review of the

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

judgment entered against him.  (*Smith v. Robbins* (2000) 528 U.S. 259, 277-279; *People v. Kelly* (2006) 40 Cal. 4th 106, 123-124.)

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


EPSTEIN, P. J.


WILLHITE, J.